**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TROY JOSEPH, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 03-1513 |
| | ) | |
| NEAL K. MECHLING; THE DISTRICT | ) | Judge David S. Cercone/ |
| ATTORNEY OF THE COUNTY OF | ) | Chief Magistrate Judge Maureen Kelly |
| ALLEGHENY; THE ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents | ) | |

## REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the Amended Petition Under 28 U.S.C. § 2254 For

Writ of Habeas Corpus by a Person in State Custody (the "Amended Petition"), be dismissed.  A

certificate of appealability should be denied.

## II.  REPORT

### A.  Relevant Procedural History

This case has been the subject of a prior Report and Recommendation, Dkt. No. 13,[1]

("the First Report and Recommendation") filed by the late Magistrate Judge Amy Reynolds Hay

which was adopted by the Honorable David S. Cercone.  Dkt. No. 16.  Familiarity with the First

Report and Recommendation is presumed.  Because the First Report and Recommendation was

filed before this Court implemented CM/ECF electronic docketing, the First Report and

Recommendation is attached hereto as Appendix I and, as will be explained below, is

---

[1] Certain Court filings are cited to as "Dkt. No. __" because the documents were filed prior to the
implementation of CM/ECF electronic docketing.

incorporated herein to the extent that Petitioner intended to raise in the Amended Petition, ECF No. 90, those claims that he raised in the original Petition For Writ of Habeas Corpus ("the Original Petition"). Dkt. No. 3.

We will not repeat the entire procedural history recounted in the First Report and Recommendation. Suffice it to say that Troy G. Joseph ("Petitioner") was convicted by a jury of first degree murder in March, 1998. Among the evidence presented at the trial was Petitioner's confession to the shooting of the victim, which Petitioner later recanted. Petitioner was sentenced to life in prison without the possibility of parole by the Honorable Donna Jo McDaniel, judge of the Criminal Division of the Court of Common Pleas of Allegheny County. After exhausting his state court remedies, Petitioner initiated these proceedings on October 8, 2003 by filing a Motion for Leave to Proceed In Forma Pauperis. Dkt. No. 1. His Original Petition was filed, Dkt. No. 3 as well as a brief in support. Respondents filed an Answer in January 2004. Dkt. No. 9. On July 26, 2004, Magistrate Judge Hay filed the First Report and Recommendation, recommending denial of the Petition as well as denial of a Certificate of Appealability. Dkt. No. 13. On August 9, 2004, Petitioner filed a Motion to Stay the Habeas proceedings ("the August 9, 2004 Motion to Stay") based upon an allegedly newly discovered witness by the name of Jacque Maynor, the existence of which Petitioner alleged was suppressed by the Commonwealth in violation of Brady v. Maryland, 373 U.S. 83 (1963). Dkt. No. 14. On August 16, 2004, Petitioner filed Objections to the first Report and Recommendation. Dkt. No. 15. On September 9, 2004, United States District Judge David Cercone overruled the Objections and adopted the First Report and Recommendation as the opinion of the Court. Dkt. No. 16. The case was closed and Petitioner's August 9, 2004 Motion to Stay was not explicitly ruled upon.

On September 22, 2004, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. Dkt. No. 17. On March 30, 2006, the United States Court of Appeals for the Third Circuit entered an Order ("the Remand Order") that granted Petitioner a Certificate of Appealability, noted that the District Court erred in failing to rule on Petitioner's August 9, 2004 Motion to Stay, vacated this Court's September 9, 2004 Order denying the Original Petition and remanded the case to this Court and ordered that "[o]n remand, the District Court is instructed to treat Appellant's petition as amended to include the new Brady claim and to stay and abey this habeas proceeding pending the conclusion of Appellant's PCRA proceedings in state court." ECF No. 19 at 2.

Upon remand, on April 3, 2006, Magistrate Judge Hay ordered the case to be stayed pending the conclusion of the Petitioner's then pending PCRA Petition ("the Second PCRA Petition") which raised the Brady claim regarding the alleged witness, Jacque Maynor. ECF No. 20. Magistrate Judge Hay also ordered that the Respondents file a monthly status report. Id.

In the Thirty Sixth Monthly Status report filed on April 1, 2009, the Respondents informed the Court that the PCRA trial court ultimately found that Petitioner's Second PCRA Petition was untimely filed and that the Superior Court affirmed and that Petitioner's Second PCRA Petition proceedings had concluded. ECF No. 57. However, the Respondents noted that during the pendency of the Second PCRA proceedings, Petitioner filed a Third PCRA Petition (the "Third PCRA Petition") alleging that there existed a newly discovered exculpatory witness to the shooting in the person of Mr. Michael Harrison. Id. ¶ 30. Petitioner's Third PCRA Petition was stayed by the state courts pending the resolution of Petitioner's Second PCRA Petition. Id. ¶ 33. On March 19, 2009, Petitioner's attorney filed an amended Third PCRA Petition and the state court lifted its stay of the Third PCRA Petition proceedings. Id. ¶¶ 38 – 40.

Accordingly, on April 8, 2009, Magistrate Judge Hay ordered that the Stay of these habeas proceedings continue in force, pending the resolution of Petitioner's Third PCRA Petition but required the Respondents to file a Status Report only quarterly as opposed to monthly.  ECF No. 58.

On October 7, 2009, Judge Cercone ordered that the case be administratively closed, and could be reopened upon the written request of either party. ECF No. 61.

On April 27, 2011, Respondents filed their Forty Fourth Status Report, and reported that the PCRA Court denied Petitioner relief on his Third PCRA Petition and that the appeal to the Pennsylvania Superior Court was then pending.  ECF No. 67, ¶ 47.  However, the Respondents also informed this Court that on May 12, 2009, Petitioner filed a fourth pro se PCRA Petition (the "Fourth PCRA Petition").  In the Fourth PCRA Petition, Petitioner claimed to have discovered yet another exculpatory witness named Juan L. Dixon.  Id. ¶ 49.  The PCRA trial court stayed the Fourth PCRA Petition pending the final disposition of Petitioner's Third PCRA Petition. Id. ¶ 50. Respondents further indicated in their Forty Fourth Status Report that the PCRA trial court had lifted the stay of the Fourth PCRA proceedings, denied the Fourth PCRA Petition and that Petitioner appealed to the Superior Court, which, on March 2, 2011, affirmed the denial of relief as to the Fourth PCRA Petition and that "Petitioner has concluded all of his state litigation after five (5) years of successive PCRA petitions and the stay [of these federal habeas proceedings] should be lifted." Id. ¶ 65.

On August 15, 2011, the case was referred to the undersigned. ECF No. 69.  The undersigned ordered Petitioner to file an Amended Habeas Petition to include all of his claims. ECF No. 68.  On September 1, 2011, Petitioner filed a "Petition to Stay Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. , § 2251" [sic] (the "Second Motion to Stay") because of

the pendency of a Petition for Writ of Habeas Corpus ("the First State Petition for Writ of Habeas Corpus"),[2] which he filed in the original jurisdiction of the Pennsylvania Supreme Court and which was then pending.  ECF No. 71.

On September 12, 2011, the undersigned granted the Second Motion to Stay and ordered the case stayed pending the disposition by the Pennsylvania Supreme Court of his then pending First State Petition for Writ of Habeas Corpus.  The Court further ordered the Respondents to inform this Court when the Pennsylvania Supreme Court disposed of Petitioner's First State Petition for Writ of Habeas Corpus.  ECF No. 72.

Also on September 12, 2011, Petitioner filed a second state petition for writ of habeas corpus (the "Second State Petition for Writ of Habeas Corpus") in the original jurisdiction of the Pennsylvania Supreme Court, of which this Court takes judicial notice.  The Answer does not appear to mention the Second State Petition for Writ of Habeas Corpus, which is not surprising as it appears that the only respondents were officials from the Department of Corrections and no lawyers from the Allegheny County District Attorney's Office, who authored the Answer, appeared to have been involved in the Second State Petition for Writ of Habeas Corpus.  This Court has attached the Second State Petition for Writ of Habeas Corpus as Appendix III hereto.

On January 4, 2012, Respondents informed the Court that on December 29, 2011, the Pennsylvania Supreme Court granted Petitioner leave to file the First State Petition for Writ of Habeas Corpus in that Court's original jurisdiction but then denied it.  ECF No. 73.

Accordingly, the undersigned issued an order on January 13, 2012, directing Petitioner to show cause why the stay of these federal habeas proceedings should not be lifted.  ECF No. 74.

---

[2]  Respondents pointed out in their Answer that they were unable to locate a copy of the First State Petition for Writ of Habeas Corpus.  ECF No. 83 at 27, n.16. This Court obtained a copy from the Pennsylvania Supreme Court's Prothonotary. The First State Petition for Writ of Habeas Corpus is attached hereto as Appendix II.

Petitioner responded to the Order to Show Cause on February 26, 2012 asserting, that his Second State Petition for Writ of Habeas Corpus was pending in the Pennsylvania Supreme Court, ECF No. 75, ¶ 2, in addition to a then pending appeal in the Pennsylvania Superior Court from the trial court's order denying Petitioner's Petition for a Parole Hearing, notwithstanding the fact that Petitioner was not entitled to such given that he was sentenced to life in prison without the possibility of parole, a sentence that Petitioner contends is not authorized by Pennsylvania law for first degree murder. Id. Consequently, the Court ordered the Respondents to inform this Court within 15 days after the Pennsylvania Superior Court disposed of Petitioner's pending appeal therein but did not require the Respondents to inform this Court concerning Petitioner's Second State Petition for Writ of Habeas Corpus as we took judicial notice of the fact that the Pennsylvania Supreme Court denied the Second State Petition for Writ of Habeas Corpus on February 23, 2012. ECF No. 76. On September 19, 2012, Respondents informed this Court that the Pennsylvania Superior Court denied Petitioner relief in the appeal and affirmed the denial of his Petition for a Parole Hearing. ECF No. 78.

On September 25, 2012, this Court ordered Petitioner to "file his Amended Petition for Writ of Habeas Corpus by a Person in State Custody ('Amended Petition') no later than October 31, 2012. The Amended Petition should include all claims that Petitioner wishes to have this Court consider." ECF No. 79.

On October 16, 2012, Petitioner filed a 59 page "Memorandum of Law in Support of Petition for Writ of Habeas Corpus Amended in Accordance With Order of This Court on April

3, 2006"[3] which the Court deems to be Petitioner's "Amended Petition." ECF No. 90.

Respondents filed their Answer, asserting that Petitioner was not entitled to habeas relief, ECF No. 83, and appended copies of state court records to the Answer, ECF Nos. 84 – 88, in addition to causing the original state court records to be transmitted to the Clerk of Court. On December 28, 2012, Petitioner filed his Reply Brief or Traverse. ECF No. 89.

**B. Discussion**

Petitioner raises the following thirteen claims in the Amended Petition.

XIII. Petitioner's 5th, 8th, and 14th Amendment rights of the United States Constitution were violated by the PCRA court's bias and prejudice, denying Petitioner's right to equal protection of the law?

ECF No. 90 at 8.[4]

---

[3] Magistrate Judge Hay's April 3, 2006 Order read in relevant part:

> AND NOW, this 3rd day of April, 2006, this case having been remanded by the United States Court of Appeals for the Third Circuit with instructions to treat the Petition for Writ of Habeas Corpus as including a new claim under Brady v. Maryland, 373 U.S. 83 (1963) and to stay and abey the instant habeas proceeding pending the conclusion of Petitioner's Post Conviction Relief Act (PCRA) proceedings in state court, IT IS SO ORDERED.
>     IT IS FURTHER ORDERED that on or before the third day of every month, beginning with May of 2006, counsel of record for the Respondent, Allegheny County Assistant District Attorney Ronald M. Wabby, Jr., shall advise this Court in writing of the status of petitioner's PCRA proceeding.
>     IT IS FURTHER ORDERED that the Clerk shall transmit the state court record, which was received from the Court of Common Pleas of Allegheny County on January 15, 2004, back to that court for use in the PCRA proceedings.

ECF No. 20 at 1 – 2.

[4] While Petitioner lists 11 of his 13 claims in a section of his Amended Petition entitled "Statement of Questions Presented", ECF No. 90 at 6 – 7, he fails to list the final two contained in the body of the Amended Petition, i.e., Claims Number XXIV and XXV. Accordingly, we quote the issues as contained in the body of the Amended Petition which vary slightly from the wording of those issues that are listed in the "Statement of Questions Presented" section.

(… footnote continued)

XIV.  Petitioner's evidence of his mailing of his 2nd PCRA Petition on September 23, 2004, satisfied the Supreme Court's test set forth in Commonwealth vs. David Jones, as to the Prisoner's Mailbox Rule denying Petitioner his 14th Amendment right to equal protection of the law guaranteed by the United States Constitution and whether testimony of Jacque Maynor entitles Petitioner to a new trial.

Id. at 15.

XV. The warrant for the arrest of Petitioner issued by the Deputy coroner was a nullity and precludes any jurisdiction over the Petitioner or over the subject-matter and denied petitioner his 5th and 14th Amendment rights guaranteed by the United States Constitution REQUIRING SUPPRESSION OF ALL EVIDENCE OBTAINED AFTER ILLEGAL ARREST.

Id. at 21.

XVI. Petitioner's newly discovered exculpatory evidence/eye witness, Michael harrison, [sic] was timely filed under 42 Pa.C.S.A. (b)(1) (ii) [sic] and whether the Lower Court[']s ruling violated Petitioner's 14th Amendment right to due process guaranteed by the U.S. Constitution and whether evidence entitled Petitioner to a new trial.

Id. at 27.

XVII.  [PCRA] Counsel was ineffective for failing to secure an affidavit from Mr. Harrison in violation of his constitutional right to effective assistance of counsel.

Id. at 30.

XVIII.  Judge McDaniel bypassing Petitioner's two seperate [sic] motions to dismiss [filed during the PCRA proceedings] for lack of subject matter jurisdiction renders any and all subsequent judgments void, whether the superior court's finding that said challenges to said jurisdiction are untimely under the PCRA are error and also void, and whether the Lower Court's failure to prove jurisdiction, once it had been challenged, violates petitioner's due process rights guaranteed by the U.S. Constitution.

Id. at 31.

---

It is not readily apparent why Petitioner begins numbering his issues at Number XIII. The Court surmises that it is because Petitioner simply copied pages of a brief filed in the state courts.

XIX.  Petitioner presented newly discovered evidence in his 4th PCRA Petition that would have entitled him to a new trial, and whether the Lower Court's ruling that said Petition has no merit violated Petitioner's U.S. constitutional right to due process and equal protection of the law.

Id. at 41.

XX.  Petitioner was prejudiced by the Lower [PCRA] Court in violation of Petitioner's U.S. Constitutional right to Due Process of Law.

Id. at 43.

XXI.  The Lower Court's bypassing Petitioner's challenges to its jurisdiction over the subject-matter, by filing (2) two separate **Motions to Dismiss** and the Superior Court's failure to compel the Lower Court to prove said jurisdiction renders both Orders thereof **NULL** and **VOID** in violation of Petitioner's 14th Amendment right to Due-Process of law guaranteed by the U.S. Constitution.

Id. at 45.

XXII.  Petitioner was sentenced and is being unlawfully restrained of his liberty as there is no statutory authorization for his imposed sentence rendering his imposed sentence illegal/without legal force, requiring an order vacating his sentence.

Id. at 48.

XXIII.  Petitioner was illegally sentenced according to 42 P.a. C.S., section 9714. SENTENCES FOR SECOND OR SUBSEQUENT OFFENSES., a misapplication of law constituting an unlawful restraint of Petitioner's liberty.

Id. at 51.

XXIV.  Petitioner has been deprived of his liberty in violation of procedural Due Process rights, which are guaranteed by the United States Constitution Amendments 5 and 14; resulting in the unlawful restraint of Petitioner's liberty[.]

Id. at 54.

XXV.  Sentencing Judge, Donna Jo McDaniel's conduct at Petitioner's sentencing hearing constitutes a violation of Canon Rules of the Code of Judicial Conduct, Statutory provisions found at 18 Pa.C.S. §5301. OFFICIAL OPPRESSION. the Pennsylvania Constitution Article V., §18(d)(1-5), and the United States Constitution Amendment 5 and 14.

Id. at 55.

## 1. The Brady claim based upon newly discovered witness Jacque Maynor.

First, we address the March 30, 2006 Remand Order from the United States Court of Appeals for the Third Circuit which directed that "[o]n remand, the District Court is instructed to treat Appellant's petition as amended to include the new Brady claim and to stay and abey this habeas proceedings pending the conclusion of Appellant's PCRA proceedings in state court." ECF No. 19 at 2.  We treat the Amended Petition to include a claim that Petitioner's rights under Brady v. Maryland, 373 U.S. 83 (1963), were violated in that the Commonwealth withheld the evidence of Jacque Maynor.  We note that this case was stayed pending Petitioner's presentation of the claim regarding Jacque Maynor in his Second PCRA Petition.  We further note that it was in Petitioner's Second PCRA Petition that he raised the Brady claim concerning Jacque Maynor. ECF No. 86-1 at 3.  We note that the PCRA Court, after conducting an evidentiary hearing[5] found that the Second PCRA Petition was untimely filed because Petitioner discovered the existence of the witness, Jacque Maynor, sometime before July 25, 2004, but failed to file his Second PCRA Petition within 60 days thereafter as required by 42 Pa.C.S.A. § 9545(b)(2) and instead only filed it on October 31, 2004.  ECF Nos. 86-9 at 15 – 25; 86-10 at 11 – 17.

---

[5]  Initially, the PCRA Court dismissed the Second PCRA Petition without a hearing, but upon appeal, the Pennsylvania Superior Court remanded the case to the PCRA trial court to conduct an evidentiary hearing on the timeliness of the Second PCRA Petition.

Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000)(construing Section 9545(b)(2) and stating that "a petitioner relying on the after-discovered evidence exception is further required to file his or her PCRA petition within 60 days of the discovery of the new evidence proffered in support of relief.").

The Superior Court affirmed the denial of relief based upon the same rationale. i.e., that the Second PCRA Petition was untimely filed. ECF No. 87-6 at 8 – 20.

In light of the fact that the Pennsylvania Courts refused to address the claims regarding Jacque Maynor on the merits because of the independent and adequate state law ground of 42 Pa.C.S.A. § 9542(b), we find that Petitioner has committed a procedural default of his <u>Brady</u> claim and all claims related to Jacque Maynor. <u>Slutzker v. Johnson</u>, 393 F.3d 373, 381 (3d Cir. 2004); <u>Kubis v. Kyler</u>, No. Civ.A. 03-1580, 2003 WL 23206073, at *3 (E.D. Pa. July 22, 2003) (finding a procedural default based on 42 Pa.C.S.A. § 9545(b)(2)); <u>Abu-Jamal v. Horn</u>, No. 99-5089, 2001 WL 827468, at *5 (E.D. Pa. July 20, 2001).

Furthermore, we find Petitioner has not carried his burden to show that his procedural default should be excused based on either cause and prejudice or a miscarriage of justice. <u>Lutz v. Brennan</u>, 67 F. App'x 151, 156 (3d Cir. 2003) ("Lutz must establish 'cause and prejudice' or a 'fundamental miscarriage of justice' in order to excuse his default.").

Accordingly, pursuant to the Remand Order, we construe the Amended Petition as containing a <u>Brady</u> claim regarding Jacque Maynor, and find that claim to be procedurally defaulted and as such, recommend that the claim be dismissed with prejudice.

### 2. Claims regarding PCRA proceedings are not cognizable.

In Claims XIII, XIV, XVI, XVII, XVIII, XIX, XX and, XXI, Petitioner complains about events that occurred during his multiple PCRA proceedings and alleges that his federal

11

constitutional rights in addition to his state rights were violated in the course of those PCRA proceedings. None of these claims merit relief because they are not cognizable.

As the United States Court of Appeals for the Third Circuit has made abundantly clear: "habeas proceedings are not the appropriate forum for [the petitioner] to pursue claims of error at the PCRA proceeding." Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004); see also Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.").[6] Accordingly, even if we assumed without deciding that Petitioner had established a violation of his rights during his four different PCRA proceedings, we would still recommend that claims XIII, XIV, XVI, XVII, XVIII, XIX, XX, and XXI, be dismissed with prejudice as failing to raise a claim that is cognizable in federal habeas proceedings.

In addition, Claim XVII, which concerns a claim that Petitioner's PCRA counsel was ineffective during the third PCRA proceedings in failing to obtain an affidavit from Michael Harrison, fails to merit relief in federal habeas proceedings on the additional ground that there is no federal constitutional right to effective assistance of counsel in PCRA proceedings. A claim of ineffectiveness of counsel is cognizable in federal habeas proceedings only if there is a federal right to counsel at the stage when counsel is alleged to have been ineffective. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state

---

[6] Accord Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure"); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994).

post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings" as a ground for relief)(citations omitted), *overruled on other grounds by*, <u>Martinez v. Ryan</u>, __ U.S. __, 132 S.Ct. 1309, 1315 (2012).  Furthermore, Congress has declared by statute that the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  Accordingly, Claim XVII is dismissible on this alternative ground as well.

### 3. Violations of state law do not provide grounds for relief.

A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2254(a). <u>Smith v. Phillips</u>, 455 U.S. 209 (1982); <u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284 (3d Cir. 1991).  Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted.  <u>Engle v. Isaac</u>, 456 U.S. 107 (1982); <u>Wells v. Petsock</u>, 941 F.2d 253 (3d Cir. 1991).  From our review of the record, it does not appear that state law was violated by the State Courts as Petitioner contends.  However, even if state law was violated, such would not be sufficient for Petitioner to carry his burden to merit relief in these federal habeas proceedings. <u>See</u>, <u>e.g.</u>, <u>Snowden v. Hughes</u>, 321 U.S. 1, 11-12 (1944)("It was not intended by the Fourteenth Amendment and the Civil Rights Acts that all matters formerly within the exclusive cognizance of the states should become matters of national concern.  A construction of the equal protection clause which would find a violation of federal right in every departure by state officers from state law is not to be favored."); <u>Tauro v. Pennsylvania Dept. of Public Welfare</u>, 206 F. App'x 152, 154 (3d Cir. 2006)("mere violation of a state law does not result in a due process violation. Even if the county solicitor was acting contrary to Pennsylvania

law when collecting the child support arrears owed to DPW, that action alone would not violate the Due Process Clause.")(citation omitted); D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1376 (3d Cir. 1992) ("Thus, '[i]llegality under the state statute can neither add to nor subtract from [the] constitutional validity [of a state's actions].'")(*quoting*, Archie v. City of Racine, 847 F.2d 1211, 1216 (7ᵗʰ Cir. 1988))(some internal quotations omitted).

### a. Subject matter jurisdiction is solely a matter of state law.

In Claim XV, Petitioner argues that the state courts lacked subject matter jurisdiction over his criminal prosecution because the "warrant for the arrest of Petitioner issued by the Deputy coroner was a nullity [under state law] and precludes any jurisdiction. . . ." ECF No. 90 at 21.

The questions of whether the Deputy Coroner possessed jurisdiction to issue an arrest warrant for Petitioner and whether the arrest of Petitioner pursuant to that arrest warrant was thereafter legal and whether the Court of Common Pleas was divested of subject matter jurisdiction if the Deputy Coroner did not possess such jurisdiction are all questions of state law that cannot provide Petitioner relief herein. The question of the subject matter jurisdiction of the Deputy Coroner and of the Court of Common Pleas is a matter of state law. Thus, we have no authority to review that question. Johnson v. Delbalso, Civ.A. No. 13–7672, 2015 WL 2118887, at *11 (E.D. Pa., May 5, 2015) ("The fifth claim, that the state court lacked subject matter jurisdiction over Johnson's case, is a state law question. This claim is, therefore, non-cognizable.") (citations omitted); Smith v. Baker, 2:07–CV–00318, 2014 WL 5776212, at *7 (D. Nev. Nov. 5, 2014) ("the question whether the state court possessed subject matter jurisdiction in this case was a matter of state law beyond the province of the federal habeas court."). Hence, to the extent that any of Petitioner's federal claims before this Court depend on

the predicate of establishing that the Deputy Coroner lacked jurisdiction to issue an arrest warrant and/or that the Court of Common Pleas of Allegheny County lacked subject matter jurisdiction over his criminal prosecution, his federal claims will necessarily fail because this Court cannot say that the state courts erred in deciding the state law issue of subject matter jurisdiction. Wainwright v. Goode, 464 U.S. 78, 84, 104 S.Ct. 378 (1983) (stating that federal courts are bound by a State Court's interpretation of state law); Lyda v. Gibson, 172 F.3d 879 (Table), 1999 WL 107116, at *1 (10th Cir. 1999).

Moreover, we note that Petitioner asserts that he presented these very questions of the subject matter jurisdiction of the Deputy Coroner to issue arrest warrants and the consequent lack of subject matter jurisdiction of the Court of Common Pleas as a result of the Deputy Coroner's lack of jurisdiction to issue arrest warrants to the Pennsylvania Supreme Court in his Second State Petition for Writ of Habeas Corpus, which the Court denied. The Pennsylvania Supreme Court having been presented with Petitioner's arguments about the import of state law and that Court having rejected his arguments about the import of state law, this Court is bound by the Pennsylvania Supreme Court's construction of state law and thus can only conclude that Petitioner's claims concerning the import of state law are necessarily wrong and thus, he cannot establish the predicate of his federal claims that the state courts lacked subject matter jurisdiction. Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir. 1990) ("Inasmuch as the highest court of Kentucky expressly held that the state trial court did not err in refusing to give the requested lesser included offense instruction, the refusal was necessarily correct as a matter of state law. It would be an extremely rare case in which a federal court could conclude that a state court committed an error under state law. Indeed, if the case has been reviewed by the state's highest court it would be impossible to find an error of state law if that court did not.") (quoting

Pilon v. Bordenkircher, 593 F.2d 264, 267 n. 4 (6th Cir. 1979), *vacated on other grounds*, 444

U.S. 1 (1979)). See also McCormick v. Kline, 572 F.3d 841 (10th Cir. 2009).

Accordingly, Petitioner's Claim XV must be dismissed because it provides no ground for federal habeas relief.

We note that this same reasoning provides an alternative ground for dismissing Claim XXI as well where Petitioner complains that the PCRA Court ignored his two Motions to Dismiss based on his claims of lack of subject matter jurisdiction.  That the PCRA Court did so would not matter because Petitioner's two Motions to Dismiss are meritless given that they are based on Petitioner's erroneous interpretation of state law, which was rejected by the State Courts.

**b.  Petitioner's sentencing claims raise solely state law claims.**

In Claims XXII, XXIII, XXIV, and XXV, Petitioner raises claims concerning his sentencing and sentence of life without the possibility of parole for his first degree murder conviction. Because these claims all are premised on state law, they provide no basis for relief in these federal habeas proceedings.

In Claims XXII, XXIII and XXIV, Petitioner's basic complaint is that there is no statutory authorization for the imposition of a life sentence in Pennsylvania without the possibility of parole for the crime of first degree murder and so his sentence for life without the possibility of parole is not authorized.  More specifically, in Claim XXII, Petitioner complains that in the judgment of sentence there was no statute cited and, according to Petitioner, no statutory authorization for the sentence. ECF No. 90 at 48 ("There is no statute mentioned within the decree of the 'Judgment of Sentence Order', signed by Petitioner's sentencing Judge, Donna Jo McDaniel, on March 16, 1998.  As a result, such an omission of statute within Petitioner's

'Judgment of Sentence' prevents statutory authorization for the imposed sentence.").

Petitioner acknowledges that he raised this argument in his First State Petition for Writ of Habeas Corpus in the Pennyvania Supreme Court.  Id. at 48.  And indeed, it appears that he did.

In Claim XXIII, Petitioner complains that Judge McDaniel stated that she was imposing the mandatory life sentence without the possibility of parole for Petitioner's first degree murder conviction.  Petitioner complains that under Pennsylvania statutory law, there is no mandatory life sentence without the possibility of parole except for one statute.  Petitioner complains that 42 Pa.C.S.A. § 9714 is the only Pennsylvania statute that authorizes life without the possibility of parole and that statute is a recidivist statute which does not apply to him. Id. at 52.

Again, Petitioner acknowledges that he made this very argument to the Pennsylvania Supreme Court in his Second State Petition for Writ of Habeas Corpus.  Id. at 53. ("This argument was initiated by the filing of JOSEPH V. WENEROWICZ, No. 82 WM 2011, in the form of Writ of Habeas Corpus filed in the Supreme Court of Pennsylvania under it's [sic] Original Jurisdiction on September 1, 2011.").

Although Petitioner couches Claim XXIV in terms of procedural due process, in fact, Petitioner complains that he was not sentenced in accordance with 42 Pa.C.S.A. § 9714(d), which is essentially a variation on Claim XXIII.  Petitioner contends that Judge McDaniel did not follow the procedures outlined in Section 9714(d) and this violated his rights.

Again, Petitioner concedes that he presented this very argument to the Pennsylvania Supreme Court in his Second State Petition for Writ of Habeas Corpus.  Id. at 54 ("this argument was initiated by the filing of **JOSEPH V. WENEROWICZ**, No. 82 WM 2011, in the form a Writ of Habeas Corpus filed in the Supreme Court of Pennsylvania.[.]").

In his last Claim, No. XXV, Petitioner complains that Judge McDaniel in sentencing him as she did and in alleged violation of state laws, violated the Code of Judicial Conduct, engaged in Official Oppression in violation of 18 Pa.C.S. § 5301, in addition to violating the State and Federal Constitutions. Id. at 56 ("For a judge to impose a sentence upon a defendant that is not authorized by law not only violates the statutory provisions of 18 Pa.C.S. § 5301, but also constitutes an act of tyranny that violates the fundamental norms underlying the sentencing process itself."). Petitioner concedes that he raised this very argument before the Pennsylvania Supreme Court in his Second State Petition for Writ of Habeas Corpus. See id. at 56 ("Petitioner requested that the Supreme Court of Pennsylvania grant the Writ and VACATE Petitioner's imposed 'Judgment of Sentence' and direct the Lower Court to resentence Petitioner pursuant to the proper statute.. . . .").

The four foregoing Claims, i.e., Nos. XXII, XXIII, XXIV and XXV, depend on Petitioner establishing that state law was violated as a condition precedent to establishing that there was some violation of his federal rights, and that as a consequence, he is entitled to federal habeas relief. Given that Petitioner presented these very arguments to the Pennsylvania Supreme Court which rejected his contentions, we conclude that Petitioner has failed to establish that state law was violated when he was sentenced to life without the possibility of parole and when no specific statute was cited in his Judgment of Sentence authorizing such a life sentence and consequently, he has failed to carry his burden to show entitlement to federal habeas relief. Because he failed to establish a violation of state law, a fortiori, he failed to establish a violation of his federal rights.

### 4. Potential claims.

In the body of the Amended Petition, Petitioner asserts the following:

> These Monthly and Quarterly PROGRESS REPORTS [required by this Court from the Respondents during the pendency of Petitioner's multiple PCRA petitions] contained the filings and exhibits of every stage, therefore, this court is thoroughly aware and updated and in possession of Petitioner's claims, the Commonwealth's responces [sic] petitioner's Reply's [sic] and Court rulings.
> Therefore, Petitioner amends his petition to include all of his claims from all of his state court proceedings and respectfully directs this court to those reports for exhibits and reference to his arguments.

ECF No. 90 at 3. We note in this regard, the undersigned issued an order on August 15, 2011, to Petitioner to file an Amended Petition, requiring Petitioner to "file one amended habeas petition that is complete in itself and that contains all of Petitioner's claims." ECF No. 68 at 1. To the extent that Petitioner seeks to have included in his Amended Habeas Petition every issue and argument that he raised in his multiple state court PCRA petitions and other miscellaneous state filings, such a "request" is denied as not being in compliance with the August 15, 2011 Order directing him to file "one amended habeas petition that is complete in itself and that contains **all** of Petitioner's claims." Id. (emphasis added).

To the extent that Petitioner seeks to have the claims raised in his Original Petition deemed a part of the Amended Petition, again, he should have included those claims in the Amended Petition as directed in the August 15, 2011 Order. Nevertheless, to the extent that Petitioner intended to raise in this Amended Petition the claims raised in his Original Petition, this Report incorporates the First Report and Recommendation addressing those claims contained in the Original Petition, but with the following two additions.

First, in rejecting an argument that Petitioner's Miranda rights were violated, the First Report and Recommendation stated that "[n]otwithstanding, the Miranda warnings are not themselves rights protected by the Constitution; instead they are measures to insure that a

suspect's right against compulsory self-incrimination is protected." First Report and Recommendation at 52. We find the foregoing statement to require greater nuance in light of Dickerson v. United States, 530 U.S. 428 (2000) which held that "Miranda announced a constitutional rule that Congress may not supersede legislatively" which Congress could have superseded legislatively if Miranda had only announced a prophylactic rule. Accordingly, we find that Miranda rights, including the Miranda warnings were constitutionally protected rights but that this addition makes no difference in the First Report's rationale and ultimate recommendation.

Second, Petitioner had argued in his First PCRA Petition three related claims: a) "There was prosecutorial misconduct in that the prosecution deliberately withheld charges of self-defense manslaughter or lesser charges and thus inflamed the passions of the jury." b) "Trial counsel was ineffective in failing to request that the Court charge on the defenses of self-defense and involuntary manslaughter when the facts in support of said defenses were in evidence." c) "It was ineffectiveness to fail to request a charge on involuntary manslaughter or object to the Court's failure to give it." ECF No. 83 at 6 – 7. However, on appeal to the Pennsylvania Superior Court from the PCRA Court's denial of relief in the First PCRA Petition, Petitioner abandoned such claims in both his Statement Pursuant to Rule 1925(b) of Appellate Procedure, ECF No. 85-1 at 12 – 13 and in his Appellate Brief to the Pennsylvania Superior Court. ECF No. 85-2 at 1 – 22. The First Report and Recommendation found that these three issues did not meet the standards for relief under the Anti-Terrorism and Effective Death Penalty Act or were simply meritless. First Report and Recommendation at 32 – 36; 42 – 43.

We agree with the First Report and Recommendation but, in the alternative, we find that in light of Petitioner's abandoning of these three claims on appeal to the Superior Court,

Petitioner has procedurally defaulted these claims. <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 671 n.4 (3d Cir. 1996) ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); <u>Thomas v. Elash</u>, 781 A.2d 170, 176-77(Pa. Super. 2001) ("Although Appellant may have preserved the issues raised in his post trial motions by mailing the motions within 10 days of the verdict, he has now waived those issues by failing to include them in his brief to this Court. . . . Having failed to properly raise and address the issues in his brief, Appellant has precluded our review of his substantive claims."); <u>Pelzer v. Vaughn</u>, No. Civ.A. 92-0091, 1992 WL 95915, at *5 (E.D. Pa. April 16, 1992) ("If an issue has once been raised [in the state court of first instance], but was not pursued to the higher courts, it is deemed waived, and further litigation on that issue will not be heard [in a federal habeas court] unless a petitioner can demonstrate cause and actual prejudice, or show that failure to consider the claims would result in a fundamental miscarriage of justice."). Thus, we recommend in the alternative to the First Report and Recommendation that Petitioner's three claims with respect to being entitled to a jury instruction on involuntary manslaughter or a lesser included charge were procedurally defaulted.

With the foregoing noted additions, we adopt the First Report and Recommendation as our own to the extent that Petitioner intended in his Amended Petition to raise those claims that he raised in his Original Petition.

### C. Certificate of Appealability

A certificate of appealability should be denied because, jurists of reason would not find the foregoing analysis debatable.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Amended Petition be denied and that a Certificate of Appealability likewise be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman,</u> 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date:  October 8, 2015

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable David S. Cercone
        United States District Judge

        TROY G. JOSEPH
        DN-6541
        SCI Graterford
        Box 244
        Graterford, PA 19426

        All Counsel of Record via CM-ECF